UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

LEVI G. SOLITAIRE,

          Petitioner,

   v.

UNITED STATES OF AMERICA,

          Respondent.

CASE NO. C12-5083BHS
(NO. CR10-5673BHS)

ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE AND GRANTING MOTION TO SEAL

     This matter comes before the Court on Petitioner Levi Solitaire's ("Solitaire") motion to vacate, set aside, or correct his sentence (Dkt. 1) and Respondent United States of America's ("Government") motion to seal (Dkt. 9). The Court has reviewed the briefs filed in support of and in opposition to the motions and the remainder of the file and hereby denies Solitaire's motion and grants the Government's motion for the reasons stated herein.

## I. PROCEDURAL HISTORY

     On October 12, 2010, the United States filed a one-count Information against Petitioner, charging him with a single count of Possession with Intent to Distribute Crack Cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B). *See United States of America v. Solitaire*, Cause No. 3:10-cr-05673-BHS (W.D. Wash) ("Criminal Case"), Dkt. 5. On October 15, 2010, Petitioner pled guilty to the charge in the Information pursuant to a plea agreement. *Id.*, Dkt. 10.

ORDER - 1

On February 14, 2011, Solitaire was sentenced to 66 months imprisonment. *Id*., Dkt. 23. The Government contended that the "mandatory minimum sentence in this case is 60 months," but requested a longer sentence "to reflect the seriousness of the current offense, his unrepentant criminal life, and punishment for the harm he has caused." *Id*., Dkt. 20.

On January 12, 2012, the Court reduced Solitaire's sentence to 60 months of imprisonment pursuant to the sentence reduction procedures of 18 U.S.C. § 3582 (c)(2). *Id*., Dkt. 32.

On January 30, 2012, Solitaire initiated this habeas corpus proceeding and filed a motion to vacate, set aside or correct his sentence. Dkt. 1. Solitaire asserted two grounds for relief: (1) breach of the plea agreement and (2) ineffective assistance of counsel. *Id*. On March 30, 2012, the Government responded (Dkt. 10) and filed a motion to seal the response (Dkt. 9). The motion is now ripe for consideration.

## II. DISCUSSION

**A.     Motion to Seal**

The Government requests that its response remain under seal because of information contained in the response. Dkt. 9. The Court assumes that the Government is referring to Solitaire's participation with authorities in future cases. Even though Solitaire references his participation in his motion (Dkt. 1 at 4), the Court will grant the Government's motion and the response shall remained sealed from public access.

**B.     Breach of Plea Agreement**

The relevant portion of Solitaire's plea agreement provides as follows:

Defendant understands and acknowledges that:
    a.     The Court will determine his applicable Sentencing Guidelines range at the time of sentencing;
    b.     After consideration of the Sentencing Guidelines and the factors in 18 U.S.C. 3553(a), the Court may impose any sentence authorized by law, up to the maximum term authorized by law;

    c. The Court is not bound by any recommendation regarding the sentence to be imposed, or by any calculation or estimation of the Sentencing Guidelines range offered by the parties or the United States Probation Department, or by any stipulations or agreements between the parties in this Plea Agreement;

Criminal Case, Dkt. 9, ¶ 8.

In this case, Solitaire argues that the Court and the Government breached the plea agreement because Solitaire agreed to a sentence of 60 months and the Court sentenced him to 66 months imprisonment. Dkt. 1 at 4. Solitaire's argument is without merit. He understood and acknowledged that the Court was not bound by any stipulation or agreement. Moreover, Solitaire has provided no evidence that the Government agreed to a sentence of 60 months. Therefore, the Court denies Solitaire's motion on this issue.

**C. Ineffective Assistance of Counsel**

To succeed on a claim of ineffective assistance of counsel, a petitioner must show "both that his counsel's performance was deficient and that the deficient performance prejudiced his defense." *Iaea v. Sunn*, 800 F.2d 861, 864 (9th Cir. 1986) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)).

In this case, Solitaire asserts that he received ineffective assistance of counsel because his counsel failed to object when the Court ordered a sentence of imprisonment outside of the presentence report or plea agreement. Dkt. 1, at 5. Solitaire fails to show that his counsel's failure to object was either deficient assistance or prejudiced Solitaire's defense. Therefore, the Court denies Solitaire's motion on this issue.

**D. Certificate of Appealability**

Pursuant to Rule 9 of the Rules Governing Section 2255 Proceedings for the United States District Courts, the court must determine whether to issue a Certificate of Appealability when the court enters a final order adverse to the petitioner.

The district court should grant an application for a Certificate of Appealability only if the petitioner makes a "substantial showing of the denial of a constitutional right."

28 U.S.C. § 2253(c)(3). To obtain a Certificate of Appealability under 28 U.S.C. § 2253(c), a habeas petitioner must make a showing that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 120 S. Ct. 1595, 1603-04 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)).

In this case, Solitaire's grounds for relief are so insubstantial that reasonable jurists would not debate whether the motion should have been resolved in a different manner, and Solitaire has made no showing that his issues are adequate to deserve any encouragement to proceed further. Therefore, the Court denies Solitaire a certificate.

### III. ORDER

Therefore, it is hereby **ORDERED** that the Government's motion to seal (Dkt. 9) is **GRANTED**, Solitaire's motion to vacate, set aside or correct his sentence (Dkt. 1) is **DENIED**, and Solitaire is **DENIED** a Certificate of Appealability. Solitaire's motion to appoint counsel (Dkt. 8) is **DENIED as moot**.

DATED this 20th day of April, 2012.

BENJAMIN H. SETTLE
United States District Judge